May it please the Court, Jessica Stengel appearing on behalf of Randy Lansing. District Courts are frontline defenders of the integrity and dignity of the criminal justice system. Dignity disappears when perjury is allowed to taint proceedings. We know this from the Supreme Court, Massa Rosh versus United States. Integrity absolutely disappears when the end result takes priority over the processes by which we reach that result. The integrity of the criminal justice system requires that the ends never justify the means. And that's what happened in this case. Mr. Lansing, it was a rush to conviction and by rush we need to look at the numerous instances of delay caused by his ineffective assistance of counsel at the trial level. And the District Court sanctioned trial counsel acting as a mere friend of the court rather than an active advocate, which is what is required by Chronic and the Sixth Amendment. Mr. Lansing finally received competent counsel after he was convicted at trial. Through the diligent work of competent counsel, newly discovered evidence was presented to the District Court. The District Court was having absolutely none of it. And Mr. Lansing is asking this court to reverse the District Court's refusal to even consider his motion for a new trial. To allow the District Court's decision to stand as it is would be to transform Rule 33 from a substantive due process based procedure into simply a matter of encanting magic words. And I think this court would be in a tough, difficult position were it to sanction what happened below, given how it decided and what it considered in United States v. Meacham, which was a 2009 case where after being convicted at trial, the defendant decided this was super bad, I'm going to get a whole bunch of people to say that they lied at trial. The District Court kind of had an inkling but held a multi-day evidentiary hearing. And after that hearing, the District Court, listening to all of the evidence, all of the testimony, concluded that in fact the evidence was newly discovered. Even the failure to learn of the evidence was not due to a lack of diligence. The evidence was not merely impeaching. And the evidence that this defendant presented was in fact material to the principal issues involved and in Meacham it was a drug distribution case. Let's look at those elements here. Yes. One is whether it's newly discovered. Because what she recanted were things that the defendant would have personal knowledge of. What she had been doing with him that day and what she had done in his presence. And I'll go to one other element before you need to respond. And the second issue is what difference these recantations made because they didn't go, she didn't recant the substantive allegations about what the defendant did in the murder. These were, she had been drinking before. Not matters that went to her testimony about the defendant's murder of the victim. So, if you'd respond to those, please. I'm going to work backwards and if I forget something, please remind me. So, I would say that it absolutely goes to the substance of what happened. Ms. Benally's admissions of perjury absolutely are material as to who did what at the creek. In other words, she might have been at the room where it happened, but she was not honest or forthcoming about what her role in the decedent's death was. And I think that's evident by her. But wait, you're not saying that you get a new trial because you get impeachment evidence, are you? No, this is not impeachment evidence by a long shot. Ms. Benally perjured herself and it's material because it goes to what happened. And a three-page affidavit should have been enough for the district court to say, time out, let's put her on the stand to understand the substance and extent of her lies. And the effect it had on trial is substantive. If we look at the government's closing arguments, both in its initial closing argument and in its rebuttal, the prosecutor repeatedly referred the jury to Ms. Benally's testimony. Take away her testimony and what we're left is a child who had been sleeping and drinking and is a child and is undoubtedly traumatized by whatever may have happened that night. And then two medical examiners who cannot tell you how the injuries resulted. Ms. Benally's testimony was critical. And the district court fundamentally erred in simply concluding without any semblance of process that it wasn't so. Well, I'm not sure about your distinction between substantive testimony and impeachment. When you say then take away her testimony, totally because she lied, but she didn't change the specific testimony about misconduct. On the issues that she lied about, like having been drinking, did the prosecutor in closing, either opening close or rebuttal close, point out, and this was a sober woman who knew what was going on? Yes, Your Honor. He did. There were two eyewitnesses that the government needed to directly connect Mr. Lansing with what happened to Ms. Clark, the deceived. And again, one of them is a kid who had been drinking and couldn't tell you if it was light or dark at 11 a.m. The other is Ms. Benally, who absolutely had a personal interest in lying to protect herself. And what the district court, regardless of what you think about Ms. Benally or what I think about Ms. Benally, the district court had an obligation to do more than rush to sentencing. Without honoring the processes and procedures in place, there can be no faith in the integrity of the conviction. And the district court jammed through it simply to get to sentencing and move on. I'm going to go ahead. No, go ahead. I'm curious. Well, I, you know, the defendant knew, you know, the facts, you know, since he was there and, you know, is evidence newly discovered if the defendant all along knew the contrary facts that came out later through the affidavit. First of all, I'm going to say it's a presumption of what Mr. Lansing knew or didn't know, given the amount of alcohol and the intensity of what was happening. Not withstanding that. For it to be newly discovered, it cannot have existed before trial. We presume competent counsel. And it is based on that that we have, the courts have limited the notion of newly discovered evidence to something that a defendant should not or could not have known. That absolutely depends on the existence of effective, even if not wholly competent counsel. And that was 100% missing from Mr. Lansing's trial case. To hold him. So the problem here is the defendant might have known it, but his trial counsel did not. Absolutely. And the trial counsel did not know because he didn't ask or it wasn't volunteered by. Trial counsel, even if Mr. Lansing had volunteered anything, that would have been a, not a virtual, a real impossibility because trial counsel didn't visit, didn't call, didn't communicate with his client. Trial counsel was, in the words of this court, a mere friend of the court rather than an active advocate. Trial counsel felt that. How do we, I mean, that's, sounds like a pretty good ineffective assistance of counsel claim. How do we factor into, you know, the motion for new trial? Sure. I mean, I see what your, the relevance, but does, is it really an element of what we should consider for your argument? It is, Your Honor, because for two reasons, and let's hope I remember both of them. One, this court absolutely has progressed ineffective assistance of counsel on direct appeal when the record is so elusively obvious. This is pretty much it. We don't need to go through every minutia of mistakes that trial counsel made. We have enough on its face. Second of all, in addition to the motion for new trial, one of the grounds Mr. Lansing raised was ineffective assistance of counsel. And he specifically asked for a hearing on that. And under this court's precedent, when a defendant makes a colorable claim of ineffective assistance of counsel, a district court is required to hold a hearing. And the district court absolutely did not hold that hearing. Judge Iyed, I think you had a question. Actually, I was going to ask the same question. If you already know all the facts and you don't tell them to your attorney, I think the concern is if we say, well, you have to tell them to your attorney, that creates an incentive for the defendant not to tell his attorney. And then after conviction on appeal, go, ah, can you help me with that? I will try. OK. In the first instance, I will say that this case seems to be a unicorn. It is not that it's relatively rare that we get such an egregious case of ineffective assistance of counsel that whatever a defendant may or may not know remains well hidden due to the absence of effective counsel. And the case law and fundamental fairness, I would say, are in your favor where the defendant cannot withhold information with the hopes of playing, quote, the evidentiary trump card after the fact. I will say this court was quite gracious to the defendant and the district court in United States v. Meacham. It's a 2009 case. This is the one where the defendant, after his trial full on, manufactured evidence that he claimed was newly discovered. And the district court, in honoring the process, in honoring the integrity of the conviction, said, OK, let's have a hearing. And he went through the five steps that this court has, the five criteria, and at the end of the day said, I'll even give you newly discovered. Wink. We all know it's not. Your evidence is incredible. But there was a hearing. There was a process. There was an opportunity to test it. And that simply didn't happen in this case. And if there are no further questions, I will reserve them. Just quickly, looking at my notes, did the district court reject the ineffective assistance claim on the merits below? No, the district court refused to consider the ineffective assistance claim below. OK. And you didn't appeal that? We did not. OK. Thank you. I'll reserve the remainder of my time. Mr. Palmer? May it please the court, Joseph Palmer for the government. I'd like to just briefly begin by explaining why we think the issue of ineffective assistance of counsel isn't properly before the court, and then talk about the merits of the newly discovered evidence issue, which we think is the sole question presented here. Now, the district judge denied the motion as to ineffective assistance of counsel on two grounds. One of them was timeliness, and one of them is on the merits. And the district court's decision at page 38 of the volume 6 of the supplemental record, the district says, I'm on to the merits now and not just time. And then the district judge explained that it was denying the ineffective assistance of counsel ground for the Rule 33 motion because the claim wasn't apparent to the judge on the record. The judge says, I didn't see ineffective assistance of counsel at trial. These ineffective assistance of counsel claims require record development, and so I'm deferring those claims to a collateral proceeding under Section 2255. And it denied the Rule 33 motion without prejudice to raising the ineffective assistance of counsel claims in a Section 2255 proceeding. Now, there's no question that it's within the district court's discretion to do that. Section 2255 is the standard procedural vehicle for ineffective assistance of counsel claims. And more importantly, the defendant's briefing doesn't challenge the district court's decision to do that. And so because there's no challenge in front of you, there's no argument that the district court erred or abused its discretion in deferring the ineffective assistance of counsel claims for the Section 2255 proceeding. Those claims aren't before the court. And they shouldn't be imported into the claim that is before the court, which is whether the district court abused its discretion in denying, in finding that the five-element test for newly discovered evidence wasn't met here. Now, if I could just turn to that issue. First, it's important to recognize that this court's cases say that new trial motions based on newly discovered evidence aren't favorably regarded and should be granted only with caution. And the court gives broad deference to a district court's determination that the new evidence wouldn't have affected the outcome. Because the court recognizes that the judge who had a front-row seat at the trial is in the best position to make that call. And in this case, the district judge, who heard and saw the witnesses firsthand, made the call that the evidence in Shannon The defendant's motion for new trial based on newly discovered evidence couldn't satisfy any of the five-element test for relief under Rule 33 based on newly discovered evidence. First, the evidence wasn't newly discovered because it was known to the defendant before the trial. He knew whether he had a sexual What about the argument that he was too impaired to know these facts? Well, first of all, that wouldn't go to the relationship side of things. And, you know, I'm not sure that that claim was raised below. And I just don't think that generally the intoxication or potential intoxication of the defendant, as applied to transactions where he was there, is really an excuse for this, for the requirement that generally, if the allegedly newly discovered evidence is conversations or events at which the defendant was present, it's reasonable for the district judge to find that this isn't newly discovered evidence because he knew about it before the trial. The defendant also can't carry his burden to show that his counsel was active diligently in discovering this information before the trial. He argues affirmatively that his counsel wasn't diligent. And so that might help him in the 2255 proceeding for ineffective assistance of counsel, but it forecloses his ability to establish that second element of the test for newly discovered evidence. The third and fourth prongs. In this case, the district court reasonably found that the evidence was, at most, merely impeaching and wasn't material to the principal critique. In her affidavit, she doesn't recant and she doesn't contradict and she doesn't undermine that principal aspect of her testimony. And her affidavit also couldn't help Mr. Lansing establish his new theory that it was Ms. Benally who committed the murder. He claims that it might help him establish a motive. But the jury was aware that Mr. Lansing was in a romantic relationship with both of these women. And the evidence about physical contact was even less material. Of course there was physical contact between two women who spent the whole day together in a small SUV crammed with three other people. And the last element of the test. Mr. Lansing must show that he would probably be acquitted based on this new evidence. And the district court reasonably found that he couldn't make that showing. Because the evidence that it was Ms. Benally who committed the murder is essentially non-existent. And the evidence that it was Mr. Lansing was strong. And that evidence includes not only Ms. Benally's unrecanted testimony that she saw Mr. Lansing attack the victim, but it also includes of course the testimony of the victim's daughter who described in detail how it was Mr. Lansing who beat her mother to death and drowned her in the creek. Now he's attempted to waive away that testimony because she was young and because he forced her to drink half a can of beer. How old was she? She was 10 years old at the time of the incident and 12 years old when she testified. And that is old enough to know the difference between whether it was Mr. Lansing who killed her mother or Ms. Benally. And her testimony, as for sleeping, her testimony is clear and detailed about that she was awake when she saw the crucial events that she testified about. She said that she woke up when Mr. Lansing pulled her mother from the car. She was awake when she saw him punching her mother, kicking her mother, beating her mother with a bat, beating her mother with a rock. She was awake when she begged him to stop hurting her mother and he threatened her that he would hurt her too if she tried to intervene. She was awake when she saw him drag her mother by the hair into the river and continue beating her with a rock as she lay helpless in the water. She was awake when he told her to lie and tell the authorities that her mother had died accidentally. And she was awake when he took her back to the scene the next day to help recover the evidence. And if this weren't sufficient, Lansing's own conduct in attempting to cover up the crime confirmed that it was he and not Ms. Benally who committed the murder. It was Mr. Lansing and not Ms. Benally who brought in the body. And it was Mr. Lansing and not Ms. Benally who's heard on a 911 call telling the victim's daughter not to say anything. It was Mr. Lansing and not Ms. Benally who told everyone the obvious lie that the victim had died accidentally and that he had done his best to save her. It was Mr. Lansing and not Ms. Benally who went back to the scene the next day to retrieve the evidence. It was Mr. Lansing and not Ms. Benally who cleaned his car. Your Honor, the bottom line is that the district judge who heard these witnesses and saw the trial found that this evidence wasn't sufficient to establish a likelihood of acquittal. Mr. Lansing has given no reason for this court to second-guess that judgment. If there are no further questions, Your Honor. Thank you, Mr. Palmer. Ms. Stengel, you have just under three minutes. Just a few points I'd like to make. Raw deference to the district court doesn't mean lying deference. What the district court did, despite the hyperbole from the government, nobody is denying that this was a terrible attack and a brutal murder. What is fundamentally at issue is the integrity of the conviction. Can we trust it? And we cannot. And what the district court did, without a hearing, and based on its own inferences and interpretation of the evidence, said it's not newly discovered, it's not material, it's merely impeaching, it's due diligence, whatever. We're done. It simply repeated the words as though chanting a spell, and that can never stand when a person's liberty is at stake. When you say there was no hearing, it was done on briefing, is that what you're saying? It was done on briefing, and there was a hearing on the briefing. The district court at no point was interested in hearing from Ms. Spinelli and her highly generalized admissions of lies. And the motion for new trial requested an evidentiary hearing at which she would testify? In the alternative, it did request that, sort of saying what district court, we would like one. And the district court said... And did it indicate what they expected to elicit from her at a hearing, at an evidentiary hearing, so that the judge could know, well, there's something more to this than the... Because it was the defense that got her affidavit. So the defense would know if there was something more that could have been put in the affidavit, or whatever? Does that argue against an evidentiary hearing? No, it doesn't, Your Honor. There's no requirement in the rule, or in the local rules, or even from this court's published case law that says, if you're going to ask for a motion for a new trial, not only do you need to produce something, your filings need to be incredibly detailed as to what further you intend to elicit if there were to be an evidentiary hearing. That's just simply not a requirement. I don't think the district court could assume that because you hadn't put anything further in the affidavit that there really wasn't anything material to be gained by having an evidentiary hearing. We risk the fundamental principles of justice when we allow district court assumptions to stand in the place of factual findings. So, no, I don't think that's ever acceptable. And I see my time has run out, so I will submit the case, and thank you. Thank you, counsel. Case is submitted. Counsel are excused, and we'll give it back to you.